Justice Brennan, Circuit Justice.
 

 Applicant has applied to me for a stay, pending this Court’s review on certiorari, of the judgment of the Massachusetts Supreme Judicial Court affirming applicant’s conviction of criminal contempt in the Massachusetts Superior Court and of the 90-day sentence imposed for such contempt. 387 Mass. 1, 438 N. E. 2d 805 (1982).
 

 The principles that control my determination as Circuit Justice of this in-chambers application were stated, in pertinent part, in
 
 Rostker
 
 v.
 
 Goldberg,
 
 448 U. S. 1306, 1308 (1980) (Brennan, J., in chambers):
 

 “Relief from a single Justice is appropriate only in those extraordinary cases where the applicant is able to rebut the presumption that the decisions below — both on the merits and on the proper interim disposition of the case — are correct. ... In a case like the present one, this can be accomplished only if a four-part showing is made. First, it must be established that there is a ‘reasonable probability’ that four Justices will consider the issue sufficiently meritorious to grant certiorari.... Second, the applicant must persuade [the Circuit Justice] that there is a fair prospect that a majority of the Court will conclude that the decision below was errone
 
 *1143
 
 ous. . . . Third, there must be a demonstration that irreparable harm is likely to result from the denial of a stay. . . . And fourth, in a close case it may be appropriate to ‘balance the equities’ — to explore the relative harms to applicant and respondent, as well as the interests of the public at large.”
 

 My task is not to adjudicate this application on my own view of the merits of the federal questions presented, but rather to determine whether there is a “reasonable probability” that four Justices will consider the issues sufficiently meritorious to grant the petition of certiorari, and, if so, whether there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous. Neither event can be predicted with anything approaching certainty, but nonetheless I have concluded that there is not a reasonable probability that certiorari will be granted, and that in any event there is not a fair prospect of reversal. Although applicant has demonstrated that he will suffer irreparable harm, he has not demonstrated that the balance of equities in his favor is sufficient to overcome my strong doubt that certiorari will be granted or, in any event, that the judgment will be reversed. Accordingly, the application is denied.