**UNITED STATES of America, Plaintiff,**

v.

**LaTonya MOORE, Jerry Canty, Defendants.**

**Crim. Nos. H–91–89–2, H–91–89–3.**

United States District Court,
S.D. Texas,
Houston Division.

Jan. 31, 1992.

Ronald G. Woods, U.S. Atty., Don Degabrielle, D.R. Millard III, Asst. U.S. Attys., Houston, Tex., for U.S.

Dick DeGuerin, Houston, Tex., for LaTonya Moore.

R. Christopher Goldsmith, Houston, Tex., for Jerry Canty.

ORDER

HITTNER, District Judge.

Pending before this Court are motions to continue pretrial bond as appeal bond (Doc-

ument ## 120, 123) filed by defendants Jerry Canty ("Canty") and LaTonya Moore ("Moore"). In the instant motions, Canty and Moore have requested to stay their reporting date for incarceration pending appeal. On November 14, 1991, the Court sentenced Canty to a four-month term of imprisonment and Moore to an eight-month term of imprisonment for violations of 49 U.S.C. § 1472(j) and 18 U.S.C. § 2. Canty and Moore have appealed, and both have new counsel on appeal. After having considered the motions, the submissions of the parties, and the argument of counsel in open court on January 8, 1992, the Court determines that Canty and Moore's request to remain free on bond pending appeal should be granted.

■ The Court's decision as to release pending appeal must be made in accordance with the criteria set out in the Bail Reform Act of 1984. 18 U.S.C. § 3143 (West Supp.1991); Fed.R.App.P. 9(c) (1989). Under 18 U.S.C. § 3143, a criminal defendant must be detained pending appeal unless the Court finds the following: (1) the defendant is not a flight risk; (2) the defendant poses no danger to the community or any individual's safety; (3) the appeal is not for the purpose of delay; and (4) the appeal raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence. 18 U.S.C. § 3143(b) (West Supp.1991).

■ Plaintiff United States of America ("the Government") concedes that neither Canty nor Moore are likely to flee, and neither poses a danger to the community. Further, the Government does not assert that the appeals are for the purpose of delay. Thus, the instant motions are contested only with respect to whether the defendants have raised a substantial question of law or fact that is likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence.

Appellate counsel for Canty and appellate counsel for Moore represented to this Court that they are currently unable, in good faith, to raise a substantial question of law or fact because they have not yet obtained a transcript of the trial. The Court finds that both attorneys have diligently tried to ascertain a substantial question of law or fact, as they have ordered transcripts and conferred with trial counsel and their clients. *See* Document ## 116, 122. Appellate counsel further argue that if Canty and Moore report now for incarceration, they will fully serve their short sentences before the duration of the appeal process. Their first appeal as of right would therefore be mooted.

■ The Supreme Court has held that although there is no constitutional right to an appeal, Congress has created such a right statutorily. *Coppedge v. United States,* 369 U.S. 438, 441, 82 S.Ct. 917, 919, 8 L.Ed.2d 21 (1962) (noting that federal law has made an appeal from a district court's judgment of conviction in a criminal case a matter of right) (cited in *Rodriquez v. United States,* 395 U.S. 327, 329–30, 89 S.Ct. 1715, 1716–17, 23 L.Ed.2d 340 (1969)); *Morris v. United States,* 503 F.2d 457, 459 (5th Cir.1974) (stating that a direct appeal from a criminal conviction is a matter of right). Provided a criminal defendant complies with the procedural requirements for perfecting an appeal, he has a right to appeal, without discretion of the Court. *See Coppedge,* 369 U.S. at 441, 82 S.Ct. at 919. In all probability, however, Moore and Canty will have completed their prison terms before the duration of the appeals process, thus rendering their appeals moot.

Further, a criminal appellant pursuing a first appeal as of right is guaranteed certain "minimum safeguards," such as the right to counsel. *Evitts v. Lucey,* 469 U.S. 387, 392, 105 S.Ct. 830, 833–34, 83 L.Ed.2d 821 (1985) (citing *Griffin v. Illinois,* 351 U.S. 12, 20, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956)); *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In *Evitts,* the Court held that the right to counsel on appeal encompasses the right to effective assistance of counsel. *Id.* 469 U.S. at 396–97, 105 S.Ct. at 836–37. Thus, a first appeal as of right offends due process if the appellant does not have the

*effective* assistance of an attorney. *Id.* (cited in *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 2568, 115 L.Ed.2d 640 (1991)); *McCrae v. Blackburn,* 793 F.2d 684, 688 (5th Cir.), *cert. denied,* 479 U.S. 965, 107 S.Ct. 466, 93 L.Ed.2d 411 (1986).

In the instant motions, new counsel for Canty and new counsel for Moore cannot effectively assist their clients without a transcript of the trial. Yet, unless Canty and Moore can satisfy the statutory requisite of § 3143 that they raise a substantial question of law or fact, they will be effectively denied their right to appeal and their right to effective assistance of counsel on appeal. This Court therefore finds that, under these circumstances, to follow the letter of § 3143 would lead to an inequitable result.

Based on the foregoing, the Court

ORDERS that Canty and Moore's motions to continue pretrial bond as appeal bond (Document ## 120, 123) are GRANTED. The orders to surrender (Document ## 118, 119) are STAYED PENDING APPEAL.