**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,
v.
Jesus R. **Martinez**,
Defendant/Appellant.

---

[10] We are not saying that dismissal can never be an appropriate remedy. There may be situations where dismissal is warranted by virtue of the reprehensible conduct of the prosecution.

18

Appeal No. 93-034
Traffic Case No. 93-0638
Order
July 26, 1993

Submitted on Briefs July 9, 1993

Counsel for appellant: Greg Baka, Assistant Public Defender, Saipan.

Counsel for appellee: Charles R. Rotbart, Assistant Attorney General, Saipan.

19

■■■■■■■■■■■■■■■

BEFORE: DELA CRUZ, Chief Justice, and VILLAGOMEZ and ATALIG, Justices.

PER CURIAM:

The plaintiff/appellee, Commonwealth of the Northern Mariana Islands ("government"), moves for review by the full panel of the July 7, 1993, single-justice order staying the defendant/appellant's sentence pending appeal. For the reasons noted below, we affirm the stay granted.

## BACKGROUND

On June 25, 1993, the trial court sentenced Martinez to ten days imprisonment. Martinez moved, at the sentencing hearing, for a stay of the sentence pending appeal. The court summarily denied the motion without setting forth the reasons for the denial.

On June 28, 1993, Martinez appealed the judgment and sentence, and filed an emergency motion with this Court for stay of the judgment and sentence pending appeal. He served the government notice of the motion for stay and a copy of the motion the same day. This triggered the seven-day period for filing a response, under Com. R. App. P. 27(a).

On June 30, 1993, a single justice issued an order permitting Martinez to supplement his motion for purposes of Com. R. App. P. 9(c), which requires the movant to set forth the substantial question of law or fact likely to result in reversal or in an order for a new trial. The order did not grant the government any corresponding extension of time to file a response to the motion for stay.

On July 1, 1993, Martinez filed a supplemental memorandum in support of a stay. He noted some of the issues to be raised on appeal and argued that the appeal is not being taken for the purpose of delay and that the appeal raises substantial questions of law likely to result in reversal of the conviction or in an order for a new trial. He also noted that he need not disclose all of the grounds he intends to raise on appeal and that he intends to raise two other issues after he has reviewed the trial transcript. He characterized the motion for stay as a "routine motion."

Nine days after the government was served with the motion and a day after the government's time to respond had expired,[1] without any response having been filed, the stay now being reviewed was entered. About an hour later, the government filed a written opposition to the motion for stay.

On July 8, 1993, the government moved for review by the full panel and to dissolve the stay granted.

## DISCUSSION

### I.  Martinez' Motion for Stay Pending Appeal

■ Com. R. App. P. 9(c) provides the criteria for determining whether to issue a stay of sentence pending appeal. The "[d]efendant has the burden of establishing that he will not flee or pose a danger to any other person or to the community and that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or in an order for a new trial."

■ We disagree with Martinez that, because his motion for a stay is based on Com. R. App. P. 8(c), Com. R. App. P. 9(c) is not implicated. We turn to counterpart federal rules for guidance on this question. *Govendo v. Micronesian Garment Mfg., Inc.*, 2 N.M.I. 270 (1991). Fed. R. App. P. 8(c) provides that stays in criminal cases shall be had in accordance with Fed. R. Crim. P. 38(a). Fed. R. Crim. P. 38(a), in turn, provides that a sentence of imprisonment is to be stayed if the defendant is released pending appeal pursuant to Fed. R. App. P. 9(b). Com. R. App. P. 9(b) is patterned after Fed. R. App. P. 9(b) and sets forth the criteria for release of defendants pending appeal. If eligible for release pending appeal, a stay of sentence is proper.

■ Based on the record before us and the argument of counsel,[2] it is clear that the parties strongly differ on the question of whether the appeal raises substantial questions of law or fact likely to result in reversal or in an order for a new trial. When the single justice stay was granted, this factor appeared undisputed since the government had not filed a response. The stay was issued based only on Martinez' motion and supporting documents.[3] With the filing of the government's

---

[1] Monday, July 5, 1993, is seven days from the initial filing of the motion. However, as that day is a holiday, the deadline is moved to July 6, 1993.

[2] In entertaining the motion for review by the full panel, we shall consider the entire record presented to the single justice, including the government's response to the motion for stay which was filed after the stay had been entered.

[3] The government argues that its response was timely as it should have been afforded seven days from the time of the filing of the *supplemental memorandum*, or until July 8, 1993 (one day before Martinez was scheduled to be incarcerated), to

opposition, this factor becomes pivotal. Although Martinez' argument in favor of a stay appear to have weakened somewhat in the light of the government's opposing contention,[4] we are still not persuaded that Martinez' contentions are totally without merit. Furthermore, we consider, *sua sponte*, a matter which, although not directly argued, we believe Martinez is suggesting in his memorandum. That factor is the possibility of mootness if a stay is not granted.

We are presented with an unusual circumstance. The sentence is so brief that, assuming a stay is not granted, the sentence would have been served and any issue raised with respect to the sentence would become moot by the time Martinez' appeal is decided. By not granting a stay, Martinez' appeal would be rendered moot since he would have served his sentence before his appeal is decided. *Cf., e.g., United States v. Moore*, 783 F. Supp. 317 (S.D. Tex. 1992); *Republican State Cent. Comm. of Ariz. v. Ripon Soc'y*, 409 U.S. 1222, 93 S. Ct. 1475, 34 L. Ed. 2d 717 (1972) (staying portion of injunction to preserve for appeal).

The issue of mootness if a stay is not granted pending appeal is one which the court may weigh in to the factors considered under Com. R. App. P. 9(c), and may tip the balance in favor of a stay, especially where the likelihood of success on appeal is strongly disputed.[5] *Cf., e.g., Moore*, 783 F. Supp. at 318-19; *Ripon Soc'y*, 409 U.S. at 1227, 93 S. Ct. at 1478, 34 L. Ed. 2d at 721 (court weighs factors); *Barnes v. E-Systems, Inc. Group Hosp. Ins. Plan*, 501 U.S. 1301, 112 S. Ct. 1, 115 L.

Ed. 2d 1087 (1991) (equitable consideration of relative harms to parties considered and may outweigh satisfaction of normal requisites for stays pending application for certiorari). *But see Corsetti v. Massachusetts*, 458 U.S. 1306, 1307, 103 S. Ct. 3, 4, 73 L. Ed. 2d 1391, 1392-93 (1982) (in denying stay for short-term incarceration, single justice considers relative harms to parties and weighs against likelihood of success).

In view of the threat of harm to Martinez that may render his appeal moot, we believe that he should be given the time to formulate and pursue any additional issues on appeal evinced by the transcript or tapes of the proceedings. *Cf. Moore*, 783 F. Supp. at 318-19.[6] We find that any burden imposed on the government by granting a stay is outweighed by those that Martinez would suffer if the stay granted is not continued.

## II. Procedure for Moving for Stay Pending Appeal

The record on appeal reveals some confusion as to the manner in which a motion for stay pending appeal may be made before the trial court. For example, the motion for stay in this matter was initially made orally in open court immediately after the imposition of sentence. The motion was made before the notice of appeal was filed and the trial court summarily denied the motion without a written order stating the reason for such denial. Therefore, we do not know the trial court's reason(s) for denying the motion.

However, the manner in which Martinez sought a stay and the timing of his motion may not have given the trial court the opportunity to carefully consider the factors involved in a motion for stay pending appeal. Nor was there an appeal "pending" since no notice of appeal had been filed at the time the motion was made. To alleviate confusion, the following practice would be in order: (1) upon imposition of sentence, a notice of appeal should immediately be filed; (2) the motion for stay of sentence pending appeal should be filed simulta-

---

file its opposition to the motion. Com. R. App. P. 27(a) provides, in pertinent part:

> Any party *may file a response in opposition to a motion* other than one for a procedural order . . . *within 7 days after service of the motion*, but motions authorized by Rules 8, 9, and 41 may be acted upon after reasonable notice, and the court may shorten or extend the time for responding to any motion . . . .

(Emphasis added.) This rule clearly states that the deadline for responding to motions begins to run with the service of, and not supplements to the arguments in, the motion.

[4] Martinez does not help his case by asserting that he does not have to state the grounds for his appeal, or show a likelihood of success on appeal, and his characterization of this motion as "routine motion." Instead of stating that there are two other issues he will raise on appeal, he should have stated them and explained why they raise substantial questions of law likely to result in reversal.

[5] Where there is little or no likelihood of success on appeal, mootness would not be an important factor.

---

[6] In *United States v. Moore*, 783 F. Supp. 317 (S.D. Tex. 1992), a district court found that even though the defendant/appellant had not yet raised issues on appeal likely to result in reversal or retrial, the defendant should be afforded a stay, as the appeal from his conviction would be rendered moot, given his short sentence, and his new counsel needed time to examine the transcripts of the proceedings in an attempt to formulate issues on appeal which could merit a stay. *Id.* at 318-19. *Cf. Corsetti v. Massachusetts*, 458 U.S. 1306, 103 S. Ct. 3, 73 L. Ed. 2d 1391 (1982) (criminal contemnor's ninety-day sentence not stayed pending review on certiorari as harm to contemnor insufficient "to overcome . . . strong doubt that certiorari will be granted" or the judgment reversed).

neously or immediately after filing of the notice of appeal; (3) the court should allow the opposing party to respond in writing, and should then set an expedited hearing; (4) if, after the hearing, the judge denies the motion, the judge should expeditiously issue a written order setting forth the reason(s) for the denial; and (5) the defendant may then renew the motion for stay with the Supreme Court, attaching the trial court's order.

These steps would enable opposing counsel to adequately respond and the Superior Court to adequately set forth the reasons for denial of the motion.

## CONCLUSION

Based on the foregoing analysis, good cause appearing, it is hereby **ORDERED** that the single-justice stay of sentence is **AFFIRMED** and shall continue pending appeal.