IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20988
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

LATONYA MOORE,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Texas
(H-CR-91-89-02)
_____

October 6, 1997

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

REAVLEY, Circuit Judge:[*]

By this appeal the United States challenges a district court
order resentencing appellee Latonya Moore to a term of probation.
In 1991, Moore was convicted of interfering with a flight crew in
violation of 49 U.S.C. § 1472(j).[2]  She was sentenced to eight
months in prison and a three-year term of supervised release.
The court ordered Moore to surrender to a federal prison.  On

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]  Recodified as 49 U.S.C. § 46504.

February 6, 1992, the court entered an order that granted Moore's motion to continue bail on appeal by staying the order of surrender. The order provides that the order of surrender is "stayed pending appeal." The February 6 order imposed several conditions of release, including a requirement that Moore regularly report to the United States pretrial services agency.

Moore's conviction was affirmed,[3] and by order entered on March 26, 1993, the district court granted a second motion to continue bail pending Moore's application for a writ of certiorari. On May 4, 1993, the court entered a second order of surrender, which it later vacated because the petition for writ of certiorari was still pending.

On May 24, 1993, the Supreme Court denied Moore's petition. However, due to what the district court describes as a "breakdown in the Clerk's office," a new order of surrender was not forthcoming. Moore claims that she brought this oversight to the government's attention. Moore continued to report to pretrial services as a condition of her release. Eventually the absence of a new order of surrender was discovered and the district court entered an order of surrender on August 6, 1996.

Moore then filed a motion "for credit for time spent erroneously at liberty," or in the alternative for resentencing pursuant to 28 U.S.C. § 2255. After a hearing, the court vacated

---

[3] *United States v. Hicks*, 980 F.2d 963 (5th Cir. 1992).

its original sentence and imposed a sentence of probation.  At the hearing and in its order granting this relief, entered on September 16, 1996, the court stated that the government's delay in executing the original sentence did not amount to a constitutional violation.  However, the court noted that Moore "has kept out of trouble" and "has complied with the conditions of supervised pretrial release without incident for the last four years."  The court was of the view that "justice has been served in this case."

The district court had no authority to modify the original sentence.  Under 18 U.S.C. § 3582, the court may not modify a sentence once it has been imposed, except (1) upon motion of the Bureau of Prisons requesting a reduction in the sentence, (2) on grounds permitted by Fed. R. Crim. P. 35, and (3) on grounds that the Sentencing Commission has lowered the applicable sentencing range subsequent to the sentence.[4]  Rule 35 authorizes reduction of a sentence (1) after remand for resentencing by the court of appeals, (2) for substantial assistance to the government, or (3) to correct an "arithmetical, technical, or other clear error" within seven days of the original sentence.  This case falls within none of the statutory grounds for modifying a sentence.

Moore argues that she was entitled to habeas relief under 28 U.S.C. § 2255.  That statute authorizes a district court to

---

[4] *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

resentence a "prisoner in custody"[5] if it finds that "the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ."  We have stressed that relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[6]

In our view, the government's delay in executing Moore's sentence, while regrettable, does not rise to the level of a constitutional violation or a "complete miscarriage of justice" required for § 2255 relief.  In a somewhat analogous situation, the Supreme Court has held that the government can constitutionally issue a warrant for a parole violation, and wait

---

[5]  We assume without deciding that because Moore was under supervised release at the time she filed her motion she meets the "in custody" requirement for a petitioner seeking relief under § 2255.  *See Garlotte v. Fordice*, 115 S. Ct. 1948, 1951 (1995) ("*Maleng* recognized that we had 'very liberally construed the 'in custody' requirement for purposes of federal habeas,' but stressed that the Court had 'never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.'") (quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989)).

[6]  *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

until the parolee has served a ten-year state court sentence before executing the warrant.[7]   We have similarly held that a delay of over three years in executing a warrant for revocation of probation did not violate the probationer's due process rights.[8]

The Ninth Circuit recognizes a doctrine of "credit for time at liberty," under which "a convicted person is entitled to credit against his sentence for the time he was erroneously at liberty provided there is a showing of simple or mere negligence on behalf of the government and provided the delay in execution of sentence was through no fault of his own."[9]   Under this doctrine Moore might not be entitled to relief, since "[t]raditionally, the doctrine of credit for time at liberty has only been applied where a convicted person has served some part of his sentence and then been erroneously released."[10] Regardless, our court has not embraced such a doctrine.

We did hold, in *Shields v. Beto*,[11] that executing a sentence after excessive delay can amount to a constitutional violation

---

[7]   *Moody v. Daggett*, 429 U.S. 78 (1976).

[8]   *United States v. Fisher*, 895 F.2d 208 (5th Cir. 1990).

[9]   *United States v. Martinez*, 837 F.2d 861, 865 (9th Cir. 1988).

[10]   *Id.; but see Clark v. Floyd*, 80 F.3d 371, 374 (9th Cir. 1996).

[11] 370 F.2d 1003 (5th Cir. 1967).

that entitles the petitioner to habeas corpus relief.  In that case, the State of Texas sentenced habeas petitioner Shields to 40 years imprisonment in 1933.  In 1934, Shields was granted a 60-day furlough.  Shields went to Louisiana to serve a sentence, and Texas did not place a detainer on him at the Louisiana prison.  Shields was released from the Louisiana prison in 1944.  In 1962, 28 years after his furlough, he was convicted on a new charge in Texas and ordered to serve that new sentence plus the 39 years remaining on his 1933 conviction.  After noting "a lapse of more than 28 years," and that Texas had "showed no interest in the return of the prisoner, either by agreement between the sovereigns, by detainer, or any other affirmative action taken by it following his release in Louisiana," we held that requiring Shields to serve the remaining time on the 1933 conviction would amount to a denial of due process.[12]

We have since made clear, in distinguishing *Shields* time and again,[13] that our holding in that case is a narrow one based on the extreme facts presented.  For example, in *Piper v. Estelle*,[14]

_____

[12] *Id*. at 1006.

[13] *E.g., Fabian v. Reed*, 714 F.2d 39, 41 (5th Cir. 1983); *Holtzinger v. Estelle*, 488 F.2d 517, 518 (1974); *Mills v. Beto*, 477 F.2d 124, 125 (5th Cir. 1973); *Weathers v. Henderson*, 480 F.2d 559, 560 n.1 (5th Cir. 1973); *Dorrough v. Texas*, 440 F.2d 1063, 1064 (5th Cir. 1971); *Hanks v. Wideman*, 434 F.2d 256, 257 (5th Cir. 1970); *Bilton v. Beto*, 403 F.2d 664, 665 (5th Cir. 1968).

[14] 485 F.2d 245 (5th Cir. 1973).

6

the habeas petitioner was convicted on federal and state charges. The crimes were committed while the petitioner was on parole. Texas revoked his parole and released him to federal custody to serve his federal sentence. Texas did not file a detainer to return him to state custody until 22 months after his parole was revoked. We rejected his argument that under *Shields* Texas had waived jurisdiction over the petitioner. We interpreted *Shields* as holding that "it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest. Rather the waiving state's action must be so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction."[15]

The facts in the pending case do not demonstrate conduct so "affirmatively wrong" or "grossly negligent" that requiring Moore to serve her original sentence would amount to a due process violation or a complete miscarriage of justice. The court issued three separate orders of surrender, and the government continued throughout the relevant period to monitor, through pretrial services, Moore's whereabouts and compliance with the terms of her release. The government did not demonstrate such an extreme

---

[15] *Id*. at 246.

lack of interest in carrying out the original sentence that we can say it waived jurisdiction over Moore.

For the foregoing reasons, the September 16, 1996 order granting the motion for resentencing and the amended judgment resentencing Moore are VACATED.

The court requests the United States Attorney to call attention of the responsible persons, in the Bureau of Prisons or other agency, to the consequences of the breakdown in the district court and the reason to expedite consideration of earliest release of Latonya Moore.